UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LUCY PACKETT

    Plaintiff,

V.                                                      CIVIL ACTION NO

NORTH EASTERN RECOVERY, INC.

Defendant.                                      SEPTEMBER 17, 2009

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq. and Md. Code Ann., Cts. & Jud. Proc. § 10-410(a) the Maryland Wiretap Act.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Crofton, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is an **unlicensed** collection agency in the State of Maryland and a collector within the MCDCA.

7. Defendant North Eastern Recovery, Inc. hereinafter (NEAR) is a foreign

corporation engaged in the business of collecting debts in the State of Maryland with a principal place of business located at 22 Saw Mill River Road, Hawthorne, NY 10532.

8. Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt in the amount of $10,078.79.

10. Plaintiff states that Defendant NEAR has been attempting to collect the above referenced account and fail to provide her with the required notice pursuant to §1692e (11).

11. Plaintiff states that Defendant though their collection agent Mitch, called her residence on or about September 10, 2009 and spoke to Plaintiff's daughters at home babysitter named "Pilar" (3rd party), and advised her that he was a doctor calling with medical test results.

12. Defendant pretending to be a doctor took the telephone number provided to him under false pretenses and called the Plaintiff's boyfriend "Dan" and stated the same story that he was trying to get in touch with Lucy Packett and he was calling from the doctor's office with test results. Dan provided the Defendant with the Plaintiff's work telephone number.

13. The Defendant then stated to "Dan" that he said he was calling regarding a medical bill for Skylar (Plaintiff's and Dan's daughter) and trying to avoid a lawsuit.

14. Plaintiff states that Defendant, through a collection agent, discussed her debt with "Dan" (3rd Party Communication) who stated he was calling trying to avoid a law suit, in violation of §1692e.

15. Defendant threatened filing a law suit on a time barred debt in violation of the §1692e.

16. Plaintiff has reviewed the Maryland Judicial Case Search web site and as of today's date, no case has ever been filed by the Defendant in the State of Maryland in violation of §1692e (5).

17. Defendant advised the Plaintiff that NEAR would file suit in Maryland if the debt was not immediately paid in violation of §1692e.

18. Defendant has never retained local counsel in the State of Maryland and filed suit on a consumer debt and is prohibited from threatening suit as they are not a licensed law firm allowed to practice law but solely an <u>unlicensed</u> collection agency.

19. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

SECOND COUNT:

20. The allegations of the First Count are repeated and realleged as if fully set forth herein.

21. Defendant communicated with Plaintiff on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed

personal debt in the amount of $4,000.00 Bearing Defendant's account No. 18222428.

22. Plaintiff contacted the Defendant via telephone on or about September 14, 2009 and advised it that she wished to dispute this account as she already paid this debt and that she had insurance coverage and the bill was paid or due to billing code error should have been paid.

23. Defendant advised the Plaintiff that she had no right to dispute this account/debt.

24. Defendant advised the Plaintiff that she did not have a valid reason to dispute this account/debt.

THIRD COUNT:

25. The allegations of the First Count are repeated and realleged as if fully set forth herein.

26. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

27. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages of $1,000.00, per account, pursuant to the FDCPA;

2. Award Plaintiff statutory damages pursuant to the MCDCA;

3. Award the Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

        THE PLAINTIFF

BY *[signature]*
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com